McKeown v. Dartmouth Bookstore          CV-96-221-SD 09/03/97   P

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE


Judith S. McKeown

        v.                                Civil No. 96-221-SD

Dartmouth Bookstore, Inc.


### O R D E R


On May 19, 1995, Judith S. McKeown was discharged from her employment as a buyer in a department of Dartmouth Bookstore, Inc. (Bookstore).  Claiming such discharge to have been motivated by unlawful discrimination, she brought suit against Bookstore in this court.

Plaintiff claims Bookstore violated the provisions of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17 (Title VII), and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA).  Following the granting of partial summary judgment for Bookstore,[1] the case was tried simultaneously before a jury and this court.

The claims submitted to the jury were for intentional

---

[1]The summary judgment order issued on June 30, 1997 (document 33).  It granted summary judgment to defendant Bookstore on plaintiff's claims of sexual harassment set forth in Count I and age harassment set forth in Count III of the amended complaint.  Familiarity with the contents of such order is presumed on the part of the reader.

unlawful age discrimination under ADEA and retaliatory discharge grounded on plaintiff's complaints of age or sex harassment. The claim presented to the court was for the alleged violations of Title VII. The jury found for the defendant with respect to the claims presented to it. The court here similarly finds for the defendant with respect to the claims under Title VII.

In simple terms, plaintiff and others complained of what they perceived to be provocative dress on the part of a Bookstore employee who worked in a department with which plaintiff had no direct connection. Complaints were also made of dress worn by employees of the shipping department. In response to such complaints, management formed a Dress Code Committee, and plaintiff was made a member thereof.[2] The dress code promulgated as a result of the work of this committee was followed by Bookstore employees.[3]

Plaintiff also complained of certain posters hanging in the shipping department which were the property of Bookstore employees who worked in said department. Although she was not employed in the shipping department, plaintiff had daily need to

---

[2]When the Dress Code Committee had completed its work, its membership, including plaintiff, was converted to a Behavior Committee.

[3]The employee charged with provocative dress testified credibly at trial that she subsequently complied with all aspects of the dress code.

enter therein.  As a result of her complaints and her work on the Dress Code Committee, the head of the shipping department and his employees made comments concerning plaintiff's dress and age.[4] When these actions were brought to the attention of management, steps were taken to correct such remarks.[5]

On a Saturday in January 1995, when plaintiff and two other employees of Bookstore were in the shipping department, one of the trio tore down certain of the posters.  As a result of this action, all three of these employees received letters of reprimand from management.[6]

In May 1995 plaintiff and another buyer in her twenties, each of whom held lesser seniority than the remaining buyers, were discharged as part of a reduction in force (RIF). Management presented credible evidence at trial that this RIF was due to an economic downturn.

---

[4]Examples included such as, "Here comes Old Mother McKeown," "Let's all be kinder and gentler."

[5]As a result, the head of the shipping department refused to speak to plaintiff.  There is not a scintilla of evidence that his position was such as to provide him with any input into the decision to discharge plaintiff.

[6]Plaintiff contended she did not participate in this incident, and as a result she felt, and signified thereon, that her letter of reprimand was unfair.  Contrary credible testimony indicated that plaintiff applauded the decision to remove the posters.  Significantly, none of the other parties engaged in any of the complaints or in the poster incidents were discharged by the defendant.

3

The court finds more credible and worthy of belief the evidence presented in behalf of the defendant Bookstore at trial. There was no persuasive evidence that any person in the position of management of the defendant, possessed of the power to hire and fire, ever participated in or condoned any discriminative action on account of age, nor was there any credible evidence of retaliatory discharge of plaintiff because of her complaints of age or sex harassment.[7]

In short, the court finds and rules that plaintiff has failed to sustain her burden of proof of any violations of Title VII and that the verdict with respect to such claims should be and is here returned for defendant Dartmouth Bookstore. Accordingly, the clerk is directed to enter judgment in accordance with the verdicts of the jury and this court and to close this case.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

September 3, 1997
cc:   William E. Whittington IV, Esq.
      Andrea K. Johnstone, Esq.

_____

[7]See, e.g., Mesnick v. General Elec. Co., 950 F.2d 816, 823-24 (1st Cir. 1991); Hoeppner v. Crotched Mtn. Rehabilitation Center, 31 F.3d 9, 14, 17 (1st Cir. 1994).

4